[Cite as *State v. Collins*, 2013-Ohio-3757.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                     :          C.A. CASE NO.    25500

v.                                               :          T.C. NO.    11CR3267/2

DION COLLINS                                     :          (Criminal appeal from
                                                            Common Pleas Court)

    Defendant-Appellant                    :

                                                 :

. . . . . . . . . .

# **O P I N I O N**

Rendered on the ____30th____ day of ____August____, 2013.

. . . . . . . . . .

MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

WILLIAM O. CASS, JR., Atty. Reg. No. 0034517, 135 W. Dorothy Lane, Suite 209, Kettering, Ohio 45429
    Attorney for Defendant-Appellant

. . . . . . . . . .

YARBROUGH, J. (by assignment)

## **I. Introduction**

**{¶ 1}**     This is an appeal from the judgment of the Montgomery County Court of

Common Pleas. Appellant, Dion Collins, challenges his conviction for possession of heroin as based on insufficient evidence and against the manifest weight of the evidence. For the following reasons, we affirm.

## A. Facts and Procedural Background

{¶ 2} Around 10:00 a.m. on the morning of the incident, Dayton Police Officer Kim Pittl, received a dispatch reporting shots fired and three to four black males running towards 3913 Alvin Avenue in Dayton. When Pittl responded to the scene, she noticed three black males who she believed were loading something into the trunk of a parked car. As she approached, two of the suspects fled in opposite directions. Pittl apprehended the third suspect, Brandon Hasley, forced him to the ground, and handcuffed him. Pittl also observed a fourth person, Collins, in the front passenger seat of the car. Pittl held Collins, who is paralyzed from the waist down, at gunpoint until other officers could arrive to help secure the scene.

{¶ 3} Hasley was placed into the back of Pittl's cruiser on the driver's side, and was interviewed by another officer. Meanwhile, Pittl helped Collins into his wheelchair, and moved him to the lawn, near the car. Collins was not handcuffed at the time. Around the same time, one of the fleeing suspects had been apprehended, and was discovered to have been in possession of eleven clear gel heroin capsules. Pittl took custody of the capsules and placed them in her pocket.

{¶ 4} Once it was determined that Hasley did not have any outstanding warrants, and did not have any weapons, he was released. Pittl testified that she then inspected the back of her cruiser for approximately five to ten seconds on each side, and did not observe

any contraband.

{¶ 5}     Pittl subsequently arrested Collins for criminal trespassing, placed him in the back of her cruiser on the passenger's side, and handcuffed him with his hands in front of his body.  He remained there while Pittl executed a search of the residence.  Pittl then transported Collins to the safety building where she assisted him into his wheelchair, locked the cruiser, and took him inside to be processed.

{¶ 6}     Pittl testified that when she returned to her cruiser, she noticed a single heroin capsule on the floorboard in the back on the passenger's side, near where the seat meets the floor.  She testified that she had not noticed the capsule when she was assisting Collins out of the cruiser.  Upon this discovery, Collins was additionally charged with possession of heroin.

{¶ 7}     Thereafter, Collins moved to suppress the heroin capsule, arguing that the initial stop constituted an unreasonable seizure.  A hearing was held, after which the trial court denied the motion.   The matter then proceeded to a bench trial, at which both Pittl and Collins testified.   The trial court ultimately found Collins guilty of possession of heroin.

## B. Assignments of Error

{¶ 8}     Collins has timely appealed, asserting three assignments of error:

I.  The appellant's conviction was against the manifest weight of the evidence.

II.   The evidence was insufficient to support the appellant's convictions.

III.   The trial court erred in overruling the appellant's motion to

suppress.

## II. Analysis

**{¶ 9}** We will address Collins' assignments of error in reverse order.

### A. The Trial Court Did Not Err in Denying the Motion to Suppress

### as the Initial Stop Did Not Constitute an Unreasonable Seizure.

**{¶ 10}** In his third assignment of error, Collins argues that his motion to suppress should have been granted because Pittl lacked reasonable suspicion justifying the initial stop. Specifically, he argues that Pittl did not observe any of the suspects carrying weapons or otherwise committing criminal activity. In addition, he notes that he was seated inside the car and there was no evidence he had any involvement with the gunshots. Thus, Collins concludes that Pittl had no reason to stop him. We disagree.

**{¶ 11}** An appellate court's review of a motion to suppress presents a mixed question of fact and law. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. When reviewing the ruling, the appellate court "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Id.*; *State v. Morgan*, 2d Dist. Montgomery No. 18985, 2002-Ohio-268, ¶ 2. The appellate court then independently determines whether the facts satisfy the applicable legal standard. *Id.*

**{¶ 12}** Based on the undisputed facts in this case, we conclude that the initial stop did not constitute an unreasonable seizure in violation of the Fourth Amendment. A police officer may briefly detain an individual for investigative purposes without an arrest warrant or probable cause if the officer has reasonable suspicion of criminal activity. *State v. Andrews*, 57 Ohio St.3d 86, 565 N.E.2d 1271 (1991), citing *Terry v. Ohio*, 392 U.S. 1, 21,

88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). To do so, the officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Id.*

{¶ 13} Here, Pittl testified that she responded to a call of shots fired, with three black male suspects running to a location known for drug activity. *See Andrews* at 88 ("An area's reputation for criminal activity is an articulable fact which is part of the totality of circumstances surrounding a stop to investigate suspicious behavior"). When she arrived at the location, she observed three black males standing around the trunk of a car. As she approached, the suspects fled, or attempted to flee. *See Illinois v. Wardlow*, 528 U.S. 119, 124-125, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000) ("[N]ervous, evasive behavior is a pertinent factor in determining reasonable suspicion. Headlong flight – wherever it occurs – is the consummate act of evasion: It is not necessarily indicative of wrongdoing, but it is certainly suggestive of such"). Moreover, at the suppression hearing, Pittl testified that she recognized Collins upon seeing him, and knew from previous experience that he was criminally trespassing on the property. Based on those circumstances, we hold that the trial court did not err in concluding that reasonable suspicion existed to justify Collins' detention.

{¶ 14} Accordingly, Collins' third assignment of error is overruled.

### B. The Evidence is Sufficient to Support Collins' Conviction.

{¶ 15} In his second assignment of error, Collins argues that there was insufficient evidence to prove that he ever possessed the heroin capsule. "A sufficiency-of-the-evidence argument challenges whether the state has presented adequate evidence on each element of the offense to allow the case to go to the jury or to sustain the verdict as a matter of law."

*State v. Hatten*, 186 Ohio App.3d 286, 2010-Ohio-499, 927 N.E.2d 632, ¶ 18 (2d Dist.), citing *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.*

{¶ 16}   Here, Pittl testified that after Hasley was removed from her cruiser she did a visual inspection and did not find any contraband. Collins was subsequently placed in the cruiser. After he was removed, Pittl found the heroin capsule near where he sat. Since Pittl testified that no other person had access to the cruiser, a logical inference is that the capsule must have come from Collins. Therefore, we hold that sufficient evidence existed to prove that Collins possessed the heroin capsule.

{¶ 17}   Accordingly, Collins' second assignment of error is overruled.

**C.   Collins' Conviction is not Against the Manifest Weight of the Evidence.**

{¶ 18}   As his first assignment of error, Collins argues that his conviction is against the manifest weight of the evidence. Collins contends that Pittl's examination of the back seat was not sufficient to rule out Hasley as the person who placed the heroin capsule in the cruiser. As support, Collins points out that the examination only took a few seconds, and Pittl admitted that she could not entirely see underneath the front seat. In addition, Collins

contends that had he possessed a heroin capsule, he could have disposed of it during the 20 minutes he was in his wheelchair on the lawn, not handcuffed. Finally, Collins notes that he was searched twice before being placed in the cruiser, and contends that any heroin capsules he possessed would have been found then. Thus, Collins concludes that a reasonable doubt exists concerning his possession of the heroin capsule.

{¶ 19} When reviewing a manifest weight claim,

> The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, ¶ 220, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).

{¶ 20} Because the fact finder has the opportunity to see and hear the witnesses, substantial deference must be extended to its determinations of credibility. *State v. Lawson*, 2d Dist. Montgomery No. 16288, 1997 WL 476684, *4 (Aug. 22, 1997). The trier of fact may believe all, some, or none of what a witness says. *State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964).

{¶ 21} Here, we cannot say that this is the exceptional case where the evidence weighs heavily against the conviction. The matter turns on Pittl's testimony that there was

not a heroin capsule on the floor of the cruiser immediately after Hasley was removed, and Collins' testimony that he never possessed a heroin capsule. We have reviewed the record as a whole, and understanding that the trial court was in the best position to examine the credibility of the witnesses, we conclude that the court did not clearly lose its way and create a manifest miscarriage of justice when it chose to believe Pittl's testimony over that of Collins.

{¶ 22} Accordingly, Collins' first assignment of error is overruled.

{¶ 23} The judgment of the Montgomery County Court of Common Pleas is affirmed.

. . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

(Hon. Stephen A. Yarbrough, Sixth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Michele D. Phipps
William O. Cass, Jr.
Hon. Michael W. Krumholtz